UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CAROL CERINETTI**, *et ux.* **WAYNE CERINETTI,**
**and ROSEMARIE WEBER,**

                        **Plaintiffs,**

-vs-

**WYETH f/k/a AMERICAN HOME PRODUCTS**
**CORPORATION, and WYETH PHARMACEUTICALS, a**
**division of WYETH, and f/k/a WYETH PHARMACEUTICALS,**
**INC., and WYETH-AYERST PHARMACEUTICALS, INC.,**

                        **Defendants.**

**COMPLAINT**

Case No. : _____

**Demand for Jury Trial**

Plaintiffs, by and through their attorneys, the Law Office of Ronald R. Benjamin, allege upon information and belief as follows:

### JURISDICTION AND PARTIES

1. This Court has jurisdiction pursuant to 28 United States Code Section 1332, in that Plaintiffs are citizens of States which are different from the States where defendants are incorporated and have their principal places of business, and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00) as to each plaintiff.

2. Plaintiffs Carol Cerinetti and her spouse Wayne Cerinetti are citizens of the State of New York, residing therein at 1091 Taft Avenue, Endicott, NY 13780.

3. Plaintiff Rosemarie Webber is a citizen of the State of New York, residing therein at 8 Old State Road, Binghamton, New York 13901.

4. Upon information and belief, defendant Wyeth, formerly known as American Home

Products Corporation, is a citizen of the State of Delaware by virtue of being incorporated in Delaware, and a citizen of the State of New Jersey by virtue of having its principal place of business 5 Giralda Farms, Madison, New Jersey 07940.

5. Upon information and belief, defendant Wyeth Pharmaceuticals, f/k/a Wyeth Pharmaceuticals, Inc., and as Wyeth-Ayerst Pharmaceuticals, Inc., is an unincorporated division of defendant Wyeth, and is a citizen of the State of Pennsylvania by virtue of having its principal place of business in Collegeville, Pennsylvania.

## VENUE

6. Venue is proper in this Court since the transactions and events complained of herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

7. At all relevant times, each of the defendants was in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell, and/or distribute pharmaceutical prescription drugs indicated for the symptomatic treatment of menopausal women under the registered brand names **PREMARIN®** and **PREMPRO®** (hereafter also referred to as the "products" or "drugs"),.

8. Upon information and belief, defendants' aforesaid drug **PREMARIN®** is conjugated equine estrogen.

9. Upon information and belief, defendants' aforesaid drug **PREMPRO®** is a combination of defendant's two other drugs, **PREMARIN®** which is conjugated equine estrogen, and **PROVERA®** which is medroxyprogestrone.

10. At all times herein mentioned, each defendant, itself or by use of others, did manufacture, create, design, test, label, package, distribute, supply, market, sell, advertise, and

otherwise distribute in interstate commerce said products.

11. Upon information and belief, each defendant engaged in extensive advertising and promotional activity which indicated its drugs were efficacious for treating and that they were safe to use, and published descriptions thereof in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drugs to patients, including plaintiffs.

12. Upon information and belief, based on each defendant's promotional activity with respect to the aforesaid products, plaintiffs were prescribed the drugs based on the belief the same were safe to use and were unlikely to subject plaintiffs to serious side effects as a result of use of the products.

13. In reliance on the same, plaintiffs Carol Cernetti and Rosemarie Weber ingested defendants' drugs and continued ingesting the drugs for a period of time as instructed by the prescribing physician.

14. Plaintiff Carol Cernetti ingested Prempro during or about the period May 1996 through December 1998, and Provera during or about the period July 1995 through May 1996.

15. Plaintiff Rosemarie Weber ingested Premarin and Provera during or about the period from April 1990 through October 1997.

16. The defendants knew or should have known with the exercise of reasonable care that the products are unreasonably dangerous products and nevertheless manufactured and placed said products into the stream of commerce.

17. Prior to the time the plaintiffs ingested the products as prescribed by their physicians, defendants knew or should have known that the ingestion of Prempro and/or Premarin was associated with serious disease including breast cancer, cardiovascular disease, strokes, and other debilitating effects which the plaintiffs herein sustained, as is more fully set forth below.

18. Upon information and belief, the defendant manufacturers failed to carry out adequate

investigation including, but not limited to, failing to adequately test the products.

19. Each defendant was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said products by downplaying, minimizing, and otherwise failing to warn the medical profession, the public in general and the plaintiffs in particular about the serious and deadly side effects of its products, while at the same time promoting the drugs on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for prevention of aging and other medical conditions, such as heart disease and osteoporosis.

20. The defendants sold the products without making proper and sufficient tests to determine the dangers and contraindications thereof; negligently failing to adequately and correctly warn the public and the medical profession of the dangers and contraindications and side effects inherent in the aforesaid drug and failing to provide adequate instructions regarding safety precautions to be observed by users, including the injured plaintiffs; (d) negligently advertised and recommended the use of the aforesaid drugs as efficacious without sufficient knowledge as to their dangerous propensities and lack of efficacy; representing that the said drugs were safe for use for their intended purpose when, in fact, they were unsafe; (f) not conducting sufficient testing programs to determine whether or not the aforesaid drug was safe for use; and (g) improperly obtaining the approval of the FDA to market the drug by misrepresenting the risks and efficacy of the drug to the FDA.

21. As a direct and proximate result of the conduct of the defendants, the female plaintiffs to whom the drugs were prescribed were harmed and caused to sustain severe, serious, permanent, and personal injuries including breast cancer due to ingesting the product over a period of time.

22. By reason of the foregoing, each injured plaintiff sustained great pain and suffering, and continued to sustain great pain and suffering for a lengthy period of time, and sustained great anxiety and fear of additional adverse medical consequences, and will continue to so suffer in the future.

23. Upon information and belief, as a result of defendants' conduct, plaintiffs sustained injuries as a result of complications and causes stemming from the ingestion of the aforesaid products.

24. By reason of her injuries, each injured plaintiff has incurred or may be obligated to pay monies for medical expenses.

25. The injuries sustained by each injured plaintiff as aforesaid and the damages resulting therefrom were caused solely by the defendants' defective products without any fault on the part of plaintiffs contributing thereto.

26. Despite the same, and despite the fact there was existing evidence that said drugs were in fact dangerous, defendants downplayed the health hazards and risks associated with the product and in fact deceived the medical community and public at large including all potential users of the product by promoting the same as safe and effective.

27. Upon information and belief, defendants placed profit concerns over safety of the public and as a result of such reckless conduct, plaintiffs are entitled to exemplary damages in addition to compensatory damages sustained as a result of each of the defendants' conduct.

28. Plaintiffs are entitled to exemplary damages from the defendants as the failure to warn was reckless and without regard to the public safety and welfare in that they misled both the medical community and the public at large including the plaintiffs herein about the safety of the products and downplayed or ignored serious side effects despite available information demonstrating these products were likely to cause serious and sometimes fatal side effects to the users.

29. Defendants placed said products into the stream of commerce with reckless disregard for public safety in that they carried out inadequate testing, did not timely or adequately continue to test and monitor the safety of the drugs, or take other reasonable steps to assure the products were efficacious for the purpose for which they were intended without subjecting the user to significant

and harmful side effects as aforesaid.

30. As a result of reckless disregard for the public welfare and welfare of plaintiffs in particular, said plaintiffs are entitled to exemplary damages from each defendant in addition to compensatory damages sustained as a result of defendants' conduct.

## AS AND FOR A FIRST CAUSE OF ACTION
## (STRICT LIABILITY)

31. Plaintiffs incorporate by reference and re-allege the preceding paragraphs 42 through 63 as if fully set forth herein and further allege the following.

32. At all times herein mentioned the products were dangerous and defective, in that any benefits from said products were outweighed by the serious and deadly side effects of said drugs.

33. The defendants are strictly liable for the injuries plaintiffs sustained as a result of ingesting the products as aforesaid.

34. As a result of the foregoing, each of the injured plaintiffs is entitled to compensatory and exemplary damages from defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## ( NEGLIGENCE)

35. Plaintiffs incorporate by reference and re-allege all preceding paragraphs 42 through 63 as if fully set forth herein and further allege the following.

36. The negligence of the defendants, their agents, servants and/or employees, including but was not limited to the aforesaid acts and omissions.

37. Defendants knew or should have known that said drug was unsafe and unfit for the use by reason of the dangerous effects, contraindications and dangers to users.

38. As a direct and proximate result of the aforementioned negligence on the part of defendants, plaintiffs were caused to sustain severe and grievous personal injuries and emotional

distress, as set forth herein.

39. By reason of the defendants' actions as aforesaid, defendants are liable to plaintiffs.

40. As a result of the foregoing, each of the injured plaintiffs is entitled to compensatory and exemplary damages from defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
## ( MISREPRESENTATION AND FAILURE TO WARN)

41. Plaintiffs incorporate by reference and re-allege all preceding paragraphs 42 through 63 as if fully set forth herein and further allege the following.

42. Beginning prior to the time the plaintiffs herein ingested the drugs complained of, the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by falsely misleading potential users as to the safety of the drug and by failing to protect users from serious dangers which defendants knew or should have known to result from use of said products.

43. By use of affirmative misrepresentations and omissions, the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the use of the aforesaid drugs was safe or had minimal risks to the public and the plaintiffs in particular.

44. Upon information and belief, defendants understated, downplayed, or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

45. The defendants failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said products to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

46. As a direct and proximate result of the aforesaid failure by the defendant to provide

appropriate warnings and/or instructions, plaintiffs sustained the harm complained of herein.

47. Upon information and belief, at the times relevant to this complaint, defendants were in possession of information demonstrating serious side effects evidencing the increased risk the drug posed to patients, or clearly should have been in possession of such information yet continued to market the products by providing false and misleading information with regard to safety as aforesaid.

48. As a result of the foregoing, each of the injured plaintiffs is entitled to compensatory and exemplary damages from defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

49. Plaintiffs incorporate by reference and re-alleges all preceding paragraphs 42 through 63 as if fully set forth herein and further allege the following.

50. That the manufacturing defendants expressly warranted that the products were safe when used by patients for whom they were not otherwise contraindicated.

51. That the manufacturing defendants breached such warranty in that as said drugs are not safe for the purpose for which they were intended.

52. As a direct and proximate result of the aforesaid breach plaintiffs sustained the injuries complained of herein and will continue to suffer harm in the future as set forth herein.

53. As a result of the foregoing, each of the injured plaintiffs is entitled to compensatory and exemplary damages from defendants.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (DERIVATIVE SPOUSAL CLAIM, LOSS OF CONSORTIUM)

54. The plaintiff spouse Wayne Cernetti incorporates by reference and re-alleges all preceding paragraphs 42 through 62 as if fully set forth herein and further allege as the following.

55. Plaintiff spouse at all times relevant to this complaint was and is lawfully married to the

injured plaintiff Carol Cernetti.

56. By reason of the foregoing, plaintiff spouse has been deprived of the services and consortium of the said injured plaintiff, including but not limited to companionship, affection, support and solace, and were caused to suffer loss of enjoyment of life, all of which caused said plaintiff to be damaged and entitled to judgment against each defendant.

57. By reason of the foregoing, plaintiff spouse Wayne Cernetti has incurred and been damaged with medical expenses and other expenses associated with his wife Carol's injuries complained of herein.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, as appropriate, on each cause of action as pled herein as follows:

(1) Award each of the injured plaintiffs $15,000,000.00 in compensatory damages on the first through fourth causes of action sounding in products liability;

(2) Award each of the injured plaintiffs $50,000,000.00 in exemplary damages on the first through fourth causes of action sounding in products liability;

(3) Award plaintiff spouse $1,000,000 in compensatory damages on the fifth spousal derivative cause of action;

(4) Award such other and further relief as the Court deems just and proper under the circumstances, including the costs and disbursements of this action.

Dated: February 21, 2008

Ronald R. Benjamin    Fed Bar No. 101131
**LAW OFFICE OF RONALD R. BENJAMIN**
Attorneys for Plaintiffs
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902-0607
607/772-1442

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carol Cerinetti, et ux. Wayne Cernetti, and Rosemarie Weber

## DEFENDANTS
Wyeth f/k/a American Home Products Corp., and Wyeth Pharmaceuticals, a division of Wyeth, and f/k/a Wyeth

**(b)** County of Residence of First Listed Plaintiff **Broome**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Ronald R. Benjamin, 126 Riverside Drive, P.O. Box 607, Binghamton, NY 13902-0607 (607) 772-1442

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 1332
Brief description of cause:
Product Liability, Negligence, Breach of Warranties, Misrepresentation adn Failure to Warn

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 15,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER MDL 1657

DATE 2/21/08
SIGNATURE OF ATTORNEY OF RECORD
Ronald R. Benjamin

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____